THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CARMINE PIZZA et al., Appellants.

*Appeal — crimes — manslaughter — Court of Appeals precluded by unanimous affirmance of judgment of conviction from considering adequacy of evidence — remedy, if conviction unjust, application for executive clemency.*

The unanimous affirmance by the Appellate Division of a judgment convicting defendant of the crime of manslaughter forecloses consideration by the Court of Appeals of the adequacy of the evidence to establish the defendant's guilt. The remedy, if injustice has been done, is an application for executive clemency.

*People* v. *Pizza,* 208 App. Div. 791, affirmed.

(Argued June 3, 1924; decided July 5, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 8, 1924, which affirmed a judgment of the Queens County Court, rendered upon a verdict, convicting the defendants of the crime of manslaughter in the second degree.

*Frank Cucivinllo* for appellants.

*Richard S. Newcombe, District Attorney* (*Charles W. Froessel* of counsel), for respondent.

*Per Curiam.* The unanimous affirmance of this judgment by the Appellate Division forecloses consideration by this court of the adequacy of the evidence to establish the defendants' guilt (Constitution, art. VI, § 9).

We appreciate the danger that the jury, moved by the death of a police officer in the line of his duty, may have failed to discriminate sufficiently between the illegal maintenance of a distillery and such culpable negligence in the method of maintaining it as would constitute the crime of manslaughter.

If injustice has been done, the defendants' remedy is an application to the Governor for the exercise of clemency.

The judgment must be affirmed.

All concur.

Judgment affirmed.